IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARVA ZWAHLEN, <br><br> Plaintiff, <br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER <br><br> Case No. 2:15-cv-724 BCW <br><br> Magistrate Judge Brooke Wells |

In accordance with Federal Rule of Civil Procedure 73 and based upon the parties' consent,[1] this matter is before the undersigned on Plaintiff Marva Zwahlen's appeal from the denial of her application for disability and disability insurance benefits. The Court heard argument on Plaintiff's administrative appeal on June 30, 2016. Ms. Zwahlen was represented by Natalie Bolli and Defendant was represented by Anna Pugsley. Having heard oral argument and after considering the parties' briefs, the administrative record, and relevant case law the Court affirms the decision of the Commissioner.

Ms. Zwahlen alleges disability beginning on March 18, 2009 and her last insured date is March 31, 2010. Ms. Zwahlen must show she was disabled prior to her last insured date.[2] Plaintiff alleges disability due to impaired vision, gout, diabetes, arthritis, vertigo, limited hearing, neuropathy, and blisters on her hands and feet.[3] The ALJ found that Plaintiff had severe impairments (diabetes, hypertension, and sleep apnea), but that she retained the residual

---

[1] Docket no. 16.

[2] *See Flaherty v. Astrue*, 515 F.3d 1067, 1069 (10th Cir. 2008) (in order to be eligible for disability insurance benefits the claimant must establish disability on or before her date last insured).

[3] Tr. 136, 157.

functional capacity to perform the full range of sedentary work through her March 31, 2010 date last insured.[4] The ALJ found that Plaintiff was capable of performing her past relevant work as a telephone order clerk, telemarketer, and customer complaint clerk, and therefore, was not disabled from March 18, 2009, through March 31, 2010.[5]

On appeal Ms. Zwahlen raised the following issues: 1) Whether the ALJ erred in failing evaluate whether Ms. Zwahlen met the requirements of Listing 8.04?  2) Whether the ALJ erred in his evaluation of the medical opinion evidence?  3) Whether the ALJ erred by failing to include any limitations for Ms. Zwahlen's visual and auditory impairments in his residual functional capacity assessment?  4) Whether the ALJ erred by failing to obtain an updated medical expert opinion as required by SSR 96-6p?

As set forth at the conclusion of oral argument the Court disagrees with Plaintiff's assertions of error and finds as follows.

1. Plaintiff failed to meet her burden to demonstrate that she was disabled during the relevant time period of March 18, 2009, her alleged disability date, to March 31, 2010, her last insured date.[6]

2. The ALJ did not err in failing to specifically address Listing 8.04 (chronic infections of the skin or mucous membranes) because Plaintiff failed to show based on the record that she met all the requirements of this Listing within the relevant time period.

Additionally, during oral argument counsel for Defendant pointed the Court to *Beaty v. Colvin*,[7] a decision out of the District of Kansas.  In *Beaty* the district court found that the ALJ's

---

[4] Tr. 19-23.

[5] Tr. 23-24.

[6] *See Flaherty*, 515 F.3d at 1069.

[7] 2014 WL 1385184 (D.Kansas 2014).

failure to specifically address Listing 8.04 was harmless and considering on appeal whether the elements of this Listing were met by the claimant was not an improper *post-hoc* rationalization under the principles found in *Fisher-Ross v. Barnhart*.[8] In considering the requirements of 8.04 the *Beaty* court found that "remand for further consideration at step three would be a mere formality because no reasonable factfinder could conclude that the criteria of Listing 8.04 are met or equaled."[9] This was because the record did not demonstrate that the claimant's skin lesions "very seriously limit the use of more than one extremity or occur in the palms of both hands or in the soles of both feet."[10] The Court is persuaded by the reasoning set forth in *Beaty* and finds it applicable to the instant matter.

Listing 8.04 requires "extensive fungating or extensive ulcerating skin lesions that persist for at least 3 months despite continuing treatment as prescribed."[11] The Listings for skin disorders further define "extensive skin lesions" as "those that involve multiple body sites or critical body areas, and result in a very serious limitation."[12] They cite as examples of such extensive skin lesions, those that interfere with joint motion and very seriously limit use of more than one extremity; those in the palms of both hands which very seriously limit fine and gross motor movements; and those on the soles of both feet, both inguinal areas, or the perineum which very seriously limit the ability to ambulate.[13]

---

[8] *Id.* at *4. See *Fisher-Ross v. Barnhart*, 431 F.3d 729, 731-32 (10th Cir. 2005).
[9] 2014 WL 1385184 *5.
[10] *Id.*
[11] 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 8.04.
[12] *Id*. § 8.00(C)(1).
[13] *Id*. § 8.00(C)(1)(a-c).

Here, the record does not indicate Ms. Zwahlen had skin lesions interfering with two lower extremities, an upper and lower extremity or lesions on the soles of both fees.[14] Because the record does not support Ms. Zwahlen's contentions regarding 8.04 the ALJ did not err in failing to address this Listing and no reasonable factfinder would conclude otherwise, so there is no need to remand this matter for further consideration.

3. The record fails to support Plaintiff's allegations concerning her alleged vision and hearing impairments prior to her last insured date.

4. The Court further finds there was no need in this case for the ALJ to obtain additional medical evidence. This is because much of the evidence offered by Ms. Zwahlen in support of her arguments, including the opinions of Dr. Goodger and Dr. Burkett, is after her last insured date. The Court finds no error in the ALJ's analysis of the medical opinions in the record.

5. Finally, the Court finds the ALJ's decision is supported by substantial evidence in the record and that the correct legal standards were applied.

Accordingly, the decision of the Commissioner is AFFIRMED.

DATED this 30 June 2016.

_____
Brooke C. Wells
United States Magistrate Judge

---

[14] *See* 20 C.F.R., pt. 404, subpt. P, app. 1, § 8.00(C)(1)(a)-(c).